UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP DEMETRIUS REYNOLDS-BEY,  )
                                 )
           Plaintiff,            )    Case No. 1:05-cv-842
                                 )
v.                               )    Honorable Robert Holmes Bell
                                 )
SUSANNE E. HARRIS-SPICER, et al.,)
                                 )    **MEMORANDUM OPINION**
           Defendants.           )
_____)

       This is a civil rights action brought by a state prisoner, alleging retaliation for the exercise of his First Amendment rights. The action was filed in December 2005, but was held in abeyance pending proceedings in *Phillip Demetrius Reynolds, et al. v. Susanne E. Harris-Spicer, et al.*, case no. 1:05-cv-527, in which plaintiff and certain of his family members brought identical claims against the same defendants. The claims of Mr. Reynolds were dismissed without prejudice in that action for failure to exhaust administrative remedies. The present case will therefore be restored to the court's active docket.

       Presently pending before the court are several motions by plaintiff. First, plaintiff seeks leave to file an amended complaint. The court previously denied plaintiff leave to amend, because he did not present the court a proposed amended complaint or a summary of the proposed amendment. Plaintiff has now cured that deficiency. As no defendant has yet filed a responsive pleading to the original complaint, plaintiff is entitled to amend his complaint as of right pursuant to Fed. R. Civ. P. 15(a). Plaintiff will therefore be granted leave to file his amended complaint.

Before the court orders the complaint served on any defendant, however, the court will review the complaint pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A, a process that will be accomplished promptly.

Plaintiff has also filed a motion to transfer this case to the United States District Court for the Eastern District of Michigan. The basis for the motion to transfer is plaintiff's allegation that his permanent domicile is in Flint, Michigan. On this basis, plaintiff asserts that venue is improper in the Western District of Michigan and that the action should be transferred pursuant to 28 U.S.C. § 1406(a). Plaintiff's motion is not meritorious. Under the applicable venue statute, venue in a federal question case is proper in a judicial district where any defendant resides, the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a district in which any defendant may be found. 28 U.S.C. § 1391(b). Under the statute, the place of plaintiff's domicile is irrelevant. In the present case, plaintiff's alleged claims substantially arise from acts or omissions occurring at the Carson City Correctional Facility, which is located in the Western District of Michigan, and all defendants reside in this district as well. Venue is therefore proper only in the Western District of Michigan and would be improper in the Eastern District. Additionally, a transfer for the convenience of the parties under 28 U.S.C. § 1404(a) is clearly not indicated, as the events complained of occurred in this district and all witnesses, save perhaps plaintiff himself, are located here. Plaintiff's motion to transfer will therefore be denied.

Plaintiff has also filed a motion, purportedly pursuant to Rule 17(a) of the Federal Rules of Civil Procedure, asking that the case be prosecuted in the name of the real party in interest. Plaintiff completely misapprehends the meaning of that term. Apparently, plaintiff seeks only to have the caption of this case reflect his name as "Phillip Demetrius Reynolds-Bey." The court sees

no reason not to grant this request, which has nothing to do with the real party in interest rule. The caption of the case will therefore be amended accordingly.

Finally, plaintiff has filed a "motion for joinder of claims and remedies," purportedly pursuant to Rule 20(a) of the Rules of Civil Procedure. Again, plaintiff misapprehends the import of Rule 20. Read with the required liberality, plaintiff's motion is a motion to consolidate this case with *Reynolds v. Harris-Spicer*, case no. 1:05-cv-527, pursuant to Fed. R. Civ. P. 42(a). As noted above, the claims in that case are identical, but the only parties remaining in that action are plaintiff's family members. It is unclear to this court why plaintiff chose to file two duplicative cases, but that was plaintiff's choice and not the court's. The companion case has now progressed to the summary judgment stage. Consequently, although the two cases certainly involve common questions of law or fact, it is unclear at this point whether consolidation will promote judicial economy. The court will therefore deny the motion to consolidate, without prejudice. If the companion case survives summary judgment, the court will seriously consider consolidating the cases at a future date.

Dated:  April 4, 2007                         /s/  Joseph G. Scoville
                                              United States Magistrate Judge