UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP DEMETRIUS REYNOLDS,

    Plaintiff,

                                  CASE NO. 1:05-CV-842

v.

                                  HON. ROBERT J. JONKER

SUSANNE E. HARRIS-SPICER, et al.,

    Defendants.
_____/

**ORDER**

The Court has reviewed Magistrate Judge Scoville's Report and Recommendation (docket # 93) and Plaintiff Phillip Reynolds's Objection to the Report and Recommendation (docket # 100).

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed R. Civ. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds that Magistrate Judge Scoville's Report and Recommendation is factually sound and legally correct.

Mr. Reynolds raises twelve objections, several of which overlap and will be addressed as a group. Mr. Reynolds first claims that the Magistrate Judge has misconstrued the requirement that a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. (Plaintiff's Objections, docket # 100, at 2.) Mr. Reynolds appears to argue that the MDOC's grievance process is invalid as a mechanism for exhaustion because, according to Mr. Reynolds, Michigan has not enacted any laws governing an exhaustion procedure. (*Id.*) This claim lacks merit. "Compliance with prison grievance procedures . . . is all that is required by the [Prison Litigation Reform Act] to 'properly exhaust.'" *Jones v. Bock*, 127 S.Ct. 910, 922–23 (2007). Magistrate Judge Scoville properly detailed and applied the MDOC's grievance procedures in determining whether Mr. Reynolds's claims had been properly exhausted.

Mr. Reynolds's next two objections, numbered 2 and 3, assert that Magistrate Judge Scoville's Report and Recommendation somehow imposes a heightened pleading requirement. It does not, nor does Mr. Reynolds point to any portion of the Report and Recommendation even suggesting a heightened pleading standard.

Mr. Reynolds argues in his objection number 5 that the Report and Recommendation should have addressed whether exhaustion had been properly completed against Defendant Harris-Spicer. (*Id.* at 6–7.) He also argues that in discussing Ms. Harris-Spicer's judicial immunity, the Report and Recommendation contravenes an order limiting the scope of the filings in the case to

2

exhaustion issues only. (*Id.* at 7.) The Report and Recommendation explains that Mr. Reynolds's challenge of Defendant Harris-Spicer's July 2004 decision finding him guilty of a major misconduct is non-grievable. (Report and Recommendation, docket # 93, at 16.) But, as the Report and Recommendation correctly points out, this is because the hearing officer is entitled to absolute immunity for claims related to her decision. *See Shelly v. Johnson*, 849 F.2d 228, 229–30 (6th Cir. 1988). The Report and Recommendation thus addresses the exhaustion issue, and also makes it clear that there is no viable claim against Ms. Harris-Spicer because she is entitled to absolute immunity for her decision as a hearing officer.

In Mr. Reynolds's objections numbered 4 and 6–12, he posits that prisons in Michigan have procedural grievance requirements designed to thwart all but the most skilled prisoners. (*See* Plaintiff's Objections, docket # 100, at 4–5 and 7–12.) He appears to attempt again to establish that the MDOC's grievance process as a mechanism for exhaustion is invalid. Mr. Reynolds focuses on a disciplinary hearing that led to a determination that he was "not guilty" of the "unauthorized occupation of cell or room" with which he had been charged. (*See id.*) He notes that he was not permitted to appeal the "not guilty" decision, and he argues that this evinces systemic flaws in the grievance process. His argument does not make sense logically. He won, and so there was nothing for him to appeal.

Mr. Reynolds's objections to the Report and Recommendation all lack merit.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 93) is **APPROVED AND ADOPTED** as the opinion of the Court;

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment (docket # 79) is **DENIED**; and

3

**IT IS FURTHER ORDERED** that Defendants' motions to dismiss (docket ## 67, 73) are **GRANTED**. This leaves only the Count I retaliation claims against Defendant Kingsberry who did not move for summary judgment before the Magistrate Judge's Report and Recommendation.


Dated:   September 30, 2008             /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        UNITED STATES DISTRICT JUDGE