UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| PHILLIP DEMETRIUS REYNOLDS-BEY, )<br>a/k/a Phillip Reynolds, #244309, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SUSANNE E. HARRIS-SPICER, et al., )<br>)<br>Defendants. )<br>_____ ) | Case No. 1:05-cv-842<br><br>Honorable Robert J. Jonker<br><br>**REPORT AND RECOMMENDATION** |

This civil rights action brought *pro se* by a state prisoner under 42 U.S.C. § 1983. Plaintiff is currently an inmate at the Lakeland Correctional Facility (LCF) located in Coldwater, Michigan. (docket # 102). Plaintiff named sixteen defendants in his amended complaint. (docket # 32). On September 30, 2008, the court entered an order (docket # 101) granting a motion for summary judgment made by fifteen defendants.[1] The matter is now before the court on a motion for summary judgment by the remaining defendant, Officer Mark Kingsbury. (docket # 97). Plaintiff alleges that on June 21, 2004, defendant Kingsbury retaliated against him in violation of plaintiff's First Amendment rights. Defendant Kingsbury filed his motion for summary judgment on June 24,

---

[1] On October 14, 2008, plaintiff filed a patently premature notice of appeal. (docket # 102). Where, as here, a party attempts to appeal from an order that is obviously not a final order, the district court retains jurisdiction. *See United States v. Holloway*, 740 F.2d 1373, 1382 (6th Cir. 1984); *see also United States v. Skidmore*, Nos. 91-4093, 4094, 4171, 4172, 1992 WL 16844, at *1 (6th Cir. Jan. 31, 1992)("[A] premature notice of appeal does not divest a district court of jurisdiction to proceed to final judgment.").

2008. Plaintiff elected not to file a response. For the reasons set forth herein, I recommend that defendant Kingsbury's motion for summary judgment be granted.

## **Applicable Standards**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Tysinger v. Police Dep't of City of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006); *Briggs v. Potter*, 463 F.3d 507, 511 (6th Cir. 2006). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Swiecicki v. Delgado*, 463 F.3d 489, 492 (6th Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 323 (1986).  To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings.  FED. R. CIV. P. 56(e); *see Pack v. Damon Corp.*, 434 F.3d 810, 814 (6th Cir. 2006).  The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990).  "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'"  *Daniels v. Woodside*, 396 F.3d 730, 734 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252); *see Kessler v. Visteon Corp.*, 448 F.3d 326, 329 (6th Cir. 2006); *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).  "A nonmoving party may not avoid a properly supported motion for summary judgment by simply arguing that it relies solely or in part on credibility considerations.  Instead, the nonmoving party must present evidence to defeat a properly supported motion for summary judgment.  The party opposing summary judgment must be able to point to some facts which may or will entitle him to judgment, or to refute the proof of the moving party in some material portion, and the opposing party may not merely recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof."  *Fogerty v. MGM Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004), *cert. denied*, 543 U.S. 1120 (2005).

   Although plaintiff elected not to file a response to defendant's motion for summary judgment, the court may not for that reason alone enter judgment against plaintiff.  *See Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991); *accord Cacevic v. City of Hazel Park*, 226 F.3d 483, 486 (6th Cir. 2000).  Rather, the court is required to examine the movant's summary judgment motion to ensure that he has discharged his initial burden.

**Proposed Findings of Fact**

The following facts are beyond genuine issue. Defendant Kingsbury is currently a prison guard at the St. Louis Correctional Facility (SLF), located in St. Louis, Michigan. (Kingsbury Aff. ¶ 2). On June 21, 2004, Officer Kingsbury was a guard at the Boyer Road Correctional Facility (OTF) located in Carson City, Michigan. It is a requirement of Officer Kingsbury's job that he conduct searches of prisoners, called "shakedowns" in prison parlance. He must complete a mandatory minimum of five shakedowns per day, and it is not uncommon for guards, including Kingsbury, to conduct more than the required minimum. (*Id.* ¶ 7). Prisoners consistently complain about shakedowns performed by prison guards, and consider this routine security measure to be harassment. Plaintiff alleges in his verified amended complaint that on the afternoon of June 21, 2004, defendant Kingsberry subjected plaintiff to a search as plaintiff was exiting the prison's "chow hall." (docket # 32, ¶ 57(b)). Plaintiff alleges that on or about June 21, 2004, Kingsbury uttered a racial slur and mentioned one of plaintiff's earlier lawsuits, *Reynolds v. Smith et al.*, 2:01-cv-43 (W.D. Mich.). (docket # 32, ¶¶ 27, 57). Kingsbury was never a defendant in Case No. 2:01-cv-43, and United States District Judge Gordon J. Quist had entered a final judgment in favor of the defendants in that lawsuit approximately a year earlier on August 23, 2003.

On June 29, 2004, plaintiff filed Grievance Number OTF 2004-06-361-18B against Kingsberry. (docket # 32, Ex. B). Plaintiff stated that on June 21, 2004, while plaintiff was entering the "chow hall," defendant Kingsberry "confronted this American by yelling in this [c]itizen's ear from less than 2 feet from behind." Plaintiff complained that he was required to empty his pockets when he left the prison's dining hall. Plaintiff's grievance made no reference to any racial slur. (*Id.*).

**Discussion**

On summary judgment, a plaintiff asserting a First Amendment retaliation claim must present evidentiary proof on which a reasonable trier of fact could find (1) that the plaintiff had engaged in conduct protected by the First Amendment; (2) that an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from engaging in that conduct; and (3) that the adverse action taken against the plaintiff was motivated, at least in part, by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (*en banc*); *see Lockett v. Suardini*, 526 F.3d 866, 874 (6th Cir. 2008). The plaintiff has the burden of proof on all three elements. *See, e.g.*, *Murray v. Evert*, 84 F. App'x 553, 556 (6th Cir. 2003). No reasonable trier of fact could find in plaintiff's favor on the second and third elements[2] of his retaliation claims against defendant.

The second component of a retaliation claim is an adverse action against plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct. The adverseness inquiry is an objective one, and does not depend on how a particular plaintiff reacted. *See Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002); *see also Smith v. Craven*, 61 F. App'x 159, 162 (6th Cir. 2003). In *Mezibov v. Allen*, 411 F.3d 712, 721 (6th Cir. 2005), the Sixth Circuit observed that, "As an initial matter, pursuant to this court's *en banc* decision in *Thaddeus-X*, we are required to 'tailor[ ]' our analysis under the 'adverse action' prong to the circumstances of this specific retaliation claim. *Id.* at 398 (requiring specific tailoring and noting that '[p]risoners may be required to tolerate more than public employees, who may be required to tolerate more than average

---

[2] Defendant Kingsbury does not dispute that plaintiff's filing of his March 16, 2001 complaint in *Reynolds v. N. Smith, et al.*, 2:01-cv-43 (W.D. Mich.), was protected conduct.

citizens, before an action taken against them is considered adverse')." *Mezibov*, 411 F.3d at 721; *see Hix v. Tennessee Dep't of Corrections*, 196 F. App'x 350, 358 (6th Cir. 2006). The Sixth Circuit has cautioned that "§ 1983 is a tort statute, [and] we must be careful to ensure that real injury is involved, lest we 'trivialize the First Amendment' by sanctioning a retaliation claim even if it is unlikely that the exercise of First Amendment rights was actually deterred." *Mezibov*, 411 F.3d at 721; *see also Talor v. City of Falmouth*. 187 F. App'x 596, 600 (6th Cir. 2006). Searches of prisoners leaving a prison dining hall are commonplace. Prisoners can use dining utensils as weapons or convert them into weapons. Petitioner was subjected to a single search by Kingsbury on June 21, 2004. A routine dining hall search, a commonplace event of prison life, is not conduct that a reasonable trier of fact could find to be an action that would deter a person of ordinary firmness from engaging in protected conduct. *See Tate v. Campbell*, 85 F. App'x 413, 417 (6th Cir. 2003). Furthermore, "The occasional use of racial slurs, although unprofessional and reprehensible, does not rise to the level of constitutional magnitude." *Jones Bey v. Johnson*, 248 F. App'x 675, 677 (6th Cir. 2007); *see Torres v. Oakland County*, 758 F.2d 147, 152 (6th Cir. 1985); *see also Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987). No reasonable trier of fact could find in plaintiff's favor on the second component of his retaliation claims against defendant Kingsbury.

        Under the causation element of a prisoner's *prima facie* case for retaliation, the subjective motivation of the decisionmaker is at issue. The plaintiff must show that the decision was motivated, at least in part, by the plaintiff's protected activity. *Thaddeus-X*, 175 F.3d at 399; *see Skinner v. Bolden*, 89 F. App'x 579, 580 (6th Cir. 2004) ("[C]onclusory allegations of temporal proximity are not sufficient to show a retaliatory motive."). Once the plaintiff has met this burden, if the defendant can show that the same action would have been taken in the absence of protected

activity, the defendant is entitled to prevail on summary judgment. *Thaddeus-X*, 175 F.3d at 399; *see Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001). Plaintiff alleges that he was searched in retaliation for his long-concluded lawsuit, in which Kingsbury was not a defendant. Ascribing cause and effect in these circumstances would be far-fetched. Plaintiff has not presented evidence on which a reasonable trier of fact could find in his favor on the causation element. I find that defendant Kingsbury is entitled to judgment in his favor as a matter of law on plaintiff's retaliation claims.

### Recommended Disposition

For the reasons set forth herein, I recommend that defendant Kingsbury's motion for summary judgment (docket # 97) be granted.

Dated:   October 28, 2008          /s/  Joseph G. Scoville
                                   United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).