UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP DEMETRIUS REYNOLDS-BEY,

    Plaintiff,

CASE NO. 1:05-CV-842

v.

HON. ROBERT J. JONKER

SUSANNE E. HARRIS-SPICER, et al.,

    Defendants.
_____/

**ORDER AND JUDGMENT**
**APPROVING REPORT AND RECOMMENDATION**

    The Court has reviewed Magistrate Judge Scoville's Report and Recommendation in this matter (docket # 104) and Plaintiff Reynolds-Bey's Objections to the Report and Recommendation (docket # 106).

    Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections.  After its review, the Court finds that Magistrate Judge Scoville's Report and Recommendation is factually sound and legally correct.

In his Report and Recommendation, Magistrate Judge Scoville recommends granting summary judgment to Defendant Kingsbury.  (Report and Recommendation, docket # 104, at 7.)  Mr. Kingsbury filed his motion for summary judgment on June 24, 2008.  (Mot. for Summ. J., docket # 97.)  Mr. Reynolds-Bey did not respond to the motion.  The Magistrate Judge correctly noted that the court could not grant summary judgment solely on the basis of Mr. Reynolds-Bey's lack of response.  (Report and Recommendation, docket # 104, at 3 (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991), and *Cacevic v. City of Hazel Park*, 226 F.3d 483, 486 (6th Cir. 2000).)  The Magistrate Judge went on carefully to review the record and articulate facts beyond genuine issue in the case.  (*See id.* at 4.)  Based on a proper application of the law to the facts, he concluded that summary judgment for Defendant Kingsbury was appropriate.

Mr. Reynolds-Bey has responded to the Report and Recommendation, raising several objections.  (Pl.'s Objections to the Magistrate Judge's Report and Recommendation, docket # 106.)  Mr. Reynolds-Bey now states that he does not dispute the need for prison guards to conduct searches of prisoners, but claims that "in this instance, Defendant Kingsbury never performed a physical or visual search of plaintiff during the numerous encounters."  (*Id.* at 2.)  This statement flatly contradicts the primary allegation against Defendant Kingsbury in Mr. Reynolds-Bey's verified amended complaint: "Plaintiff suffered adverse action by Defendant KINGSBURY when

he subjected Plaintiff to racial epithets directly referring to [a court order in an earlier case] and further carried out harassing body searches." (Amended Compl., docket # 32, at ¶ 57 b.) Similarly, the grievance Mr. Reynolds-Bey filed against Mr. Kingsbury states that Mr. Kingsbury ordered a shakedown of him as he was exiting the chow hall, that he (Mr. Reynolds-Bey) emptied his pockets, and that Mr. Kingsbury examined his wallet, removing his identification. (*Id.* at Ex. B.) Mr. Reynolds-Bey offers no explanation for why he now claims that no search took place.

Mr. Reynolds-Bey also objects that the Magistrate Judge failed to consider the record as a whole but rather focused only on segments favorable to Mr. Kingsbury. (Pl.'s Objections to the Magistrate Judge's Report and Recommendation, docket # 106, at 3, 4.) In addition, he argues that the Magistrate Judge failed to draw all reasonable inferences in his favor as the non-moving party. Upon reviewing the record, the Court believes the Magistrate Judge correctly identified the material and undisputed facts in the case and drew all reasonable inferences in favor of Mr. Reynolds-Bey. The record does not support Mr. Reynolds-Bey's objection.

Mr. Reynolds-Bey claims that by making reference to the fact that Mr. Reynolds-Bey's grievance against Mr. Kingsbury did not mention racial slurs, the Report and Recommendation somehow imposes a heightened pleading requirement upon him. He is mistaken. Whether the grievance mentioned racial slurs had no impact on the legal analysis in the Report and Recommendation. (*See* Report and Recommendation, docket # 104, at 6.)

Mr. Reynolds-Bey objects broadly to the legal analysis in the Report and Recommendation concerning the elements of adverse action and causation in his First Amendment claim, arguing that the Magistrate Judge has incorrectly applied Sixth Circuit precedent. (Pl.'s Objections to the

Magistrate Judge's Report and Recommendation, docket # 106, at 5, 6.) His objections to the legal analysis are unpersuasive. The Magistrate Judge properly identified and applied the governing law.

Mr. Reynolds-Bey argues that the Report and Recommendation seems to condone federal hate crimes. (Pl.'s Objections to the Magistrate Judge's Report and Recommendation, docket # 106, at 6.) It does not. Federal hate crimes are not at issue in this case. Mr. Reynolds-Bey further argues that the racial slurs he mentions help show that Mr. Kingsbury remembered him from the earlier lawsuit (in which Mr. Kingsbury was not named, but for which Mr. Reynolds-Bey claims Mr. Kingsbury has retaliated). Even if his argument is correct, the legal analysis does not change. The Magistrate Judge correctly found that the second two elements of a First Amendment retaliation claim are not satisfied in this case. (*See* Report and Recommendation, docket # 104, at 6-7.)

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 104) is **APPROVED AND ADOPTED** as the opinion of the Court; and

**IT IS FURTHER ORDERED** that Defendant Kingsbury's Motion for Summary Judgment (docket # 97) is **GRANTED**.

Dated:   March 6, 2009          /s/ Robert J. Jonker
                                ROBERT J. JONKER
                                UNITED STATES DISTRICT JUDGE